**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

FARM CREDIT SERVICES OF AMERICA, FLCA,

Plaintiff,

v.

CHAD LOECKE,

Defendant.

Case No. 8:26-cv-00064

**PLAINTIFF'S POSITION STATEMENT IN SUPPORT OF ITS MOTION TO COMPEL DELCO TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM**

Pursuant to the Court's request, Plaintiff Farm Credit Services of America, FLCA ("FCSA") submits the following statement of its position regarding its Motion to Compel non-party DeLong Co., Inc. d/b/a DeLco Crop Insurance ("DeLco") to produce documents responsive to Request for Production Nos. 1, 2, 3, 4, 5, 7, 13, 14, 19, 22, 23, 24, 27, and 28 of FCSA's Subpoena to Produce Documents served on DeLco on May 7, 2026.[1]

This is a breach of contract action alleging that Loecke, FCSA's former crop insurance sales agent, violated the non-solicitation and confidentiality provisions of his employment agreement after leaving FCSA to become a sub-agent for DeLco. FCSA alleges that Loecke solicited FCSA's former customers before and after his departure and that DeLco personnel, including agent Heather Golz, helped transfer those customers' business to DeLco. FCSA limited its disputed requests to the 38 identified customers with whom Loecke did business and had personal contact while at FCSA and transferred their policies following Loecke's departure from FCSA. FCSA timely served the Subpoena, identified deficiencies in DeLco's responses, met

[1] For the Court's convenience, the disputed subpoena requests are highlighted in yellow in DeLco's subpoena responses. (Ex. A).

and conferred in good faith, and memorialized the parties' agreements in a Confirmation Letter. Despite agreeing to produce certain categories of documents, DeLco has produced nothing and continues to withhold documents based on general, undifferentiated objections without any privilege log.

FCSA requested documents are relevant and proportional under Rule 26(b)(1), and DeLco, as the non-party resisting disclosure, bears the burden of justifying its objections with specific, non-conclusory support. FCSA is entitled to Request Nos. 7, 19, and 27, Golz's records, because they document how and when Loecke's alleged solicitation of the 38 identified customers occurred, not any independent wrongdoing by Golz. As to Request Nos. 5, 13, 14, 22, 23, and 28, marketing materials for products other than crop insurance remain relevant because Loecke's non-solicitation covenant reaches indirect solicitation, and such materials are evidence of the timing and mechanism of contact between DeLco or Loecke and the identified customers. As to Request Nos. 1, 2, 3, 4, and 24, FCSA has already limited its requests to the 38 identified customers and has itself borne the burden of notifying those customers pursuant to RMA requirements without incident, so DeLco's generalized burden objection cannot stand. FCSA therefore respectfully requests that the Court grant its motion and order DeLco (1) produce documents responsive to Request Nos. 1, 2, 3, 4, 5, 7, 13, 14, 19, 22, 23, 24, 27, and 28 for the 38 identified customers; (2) state, for each request at issue, whether it is withholding responsive documents and on what specific ground; and (3) produce a privilege log identifying any document withheld on privilege or work-product grounds.

Dated this 16th day of September 2026.

FARM CREDIT SERVICES OF
AMERICA, FLCA, Plaintiff,

By: */s/Allyse M. Noel*
Christopher R. Hedican (NE# 19744)
Allyse M. Noel (NE# 28499)
of BAIRD HOLM LLP
1700 Farnam St. Ste. 1500
Omaha, NE 68102-2068
Phone: 402-344-0500
Fax: 402-344-0588
Email: Chedican@bairdholm.com
Email: ANoel@bairdholm.com

7860021.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| FARM CREDIT SERVICES OF AMERICA, FLCA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD LOECKE,<br><br>Defendant. | ) | Case No. 8:26-CV-00064<br><br>**DELCO CROP INSURANCE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, DeLco Crop Insurance ("DeLco"), states its objections and responses to Plaintiff Farm Credit Services of America, FLCA's ("FCSA") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") as follows:

**<u>GENERAL OBJECTIONS TO SUBPOENA</u>**

1. DeLco objects to the Subpoena in its entirety to the extent it is overly broad and unduly burdensome.

2. DeLco objects to the Subpoena, and any implied or express instruction, definition, or direction in the Subpoena that imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

3. DeLco objects to the Subpoena to the extent that it seeks disclosure of information protected under the attorney-client privilege, the attorney work product doctrine, the common-interest privilege, or any other applicable privilege or protection from discovery.

4. DeLco objects to the Subpoena to the extent that it seeks the disclosure of proprietary and/or confidential business information from DeLco.

5. DeLco incorporates these objections by reference into its response to each of the



EXHIBIT
A

Requests below. The objections and responses to each Request set forth below are in addition to, and not in lieu of, the objections set forth above. DeLco reserves the right to raise additional objections as it endeavors to respond to the Subpoena.

**SPECIFIC OBJECTIONS TO TERMS, INSTRUCTIONS, ETC.**

1. DeLco objects to the provided definition of "Former Farm Credit Customers" because it is vague and ambiguous and is therefore not reasonably susceptible to a response. The Request does not identify Former Farm Credit Customers, leaving DeLco to speculate as to the scope of individuals or entities encompassed by that term. DeLco does not specifically track whether customers were previously Farm Credit customers and does not know every individual or entity with whom Loecke had any business contact, relationship, or personal contact from January 3, 2023 to current. To the extent possible at all, determining this information would impermissibly require significant time and expense on behalf of DeLco. *See* Fed. R. Civ. P. 45(d)(1). DeLco also objects to the definition of "Former Farm Credit Customers" because it is overbroad and disproportionate to the issues in the case. Its scope exceeds the customers whom Loecke is alleged to have improperly solicited in that it seeks individuals or entities other than those specifically defined in the non-solicitation provision. DeLco invites a conferral with Plaintiff's counsel to clarify and narrow the scope of the definition. This objection applies to Request Nos. 1-6, 13, 14, 19-23, and 25-27.

**OBJECTIONS AND RESPONSES TO REQUESTS**

**REQUEST NO. 1:** Documents reflecting any crop insurance policies DeLco has placed in Iowa or Nebraska since January 3, 2026, for Former Farm Credit Customers. Such documents include, without limitation, transfer forms, agent-of-record change forms, broker-of-record letters, acreage reports, text messages, emails, and other documents reflecting the transfer to DeLco of

crop insurance policies that the customers previously obtained through Farm Credit.

**RESPONSE:** For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above. DeLco further objects to the Request to the extent it presumes that DeLco sells crop insurance in Nebraska, which it does not do.

Additionally, DeLco objects to this Request as unduly burdensome because it would require DeLco to disclose information in violation of federal law and non-disclosure agreements ("NDAs") with its approved insurance providers ("AIPs"). The requested information seeks information that is considered Protected Information and Personally Identifiable Information under the NDAs, which DeLco may not disclose to any other party without having to notify each and every affected policyholder prior to any disclosure to allow them to seek a protective order, other remedy, and/or waive DeLco's compliance with the NDA. Such a process would be unduly burdensome and impose significant expenses on DeLco. DeLco is withholding documents on the basis of its objections.

**REQUEST NO. 2:** Communications between DeLco, and/or Loecke, and/or the Loecke Agency, regarding any crop insurance customers with whom Loecke had done business or had personal contact while working for Farm Credit, including without limitation Former Farm Credit Customers, from January 1, 2025 to the present.

**RESPONSE:** For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco further objects to this Request because it is overbroad and disproportionate to the issues of the case. It seeks all communications related to the general subject area of any crop insurance customer with whom Loecke had done business or had personal contact with while working at Farm Credit. DeLco is without sufficient information to determine all crop insurance customers with whom Loecke had a relationship or had done business for an undefined period of time, rendering it impossible to determine whether it has had any communications "regarding" such customers. Finally, DeLco objects to the Request as overbroad and disproportionate to the issues of the case because it seeks materials for a time period dating up to one year before Loecke became a DeLco subagent (January 5, 2026).

DeLco is withholding documents on the basis of its objections. Subject to and without waiving its objections, DeLco is willing to produce its communications with Loecke related to "Former Farm Credit Customers" in Iowa since January 5, 2026, if any, pending a conferral with Plaintiff relating to the definition of "Former Farm Credit Customers."

**REQUEST NO. 3:** Communications with Former Farm Credit Customers in Iowa or Nebraska regarding actual or potential crop insurance coverage since January 3, 2026.

**RESPONSE:** For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco also objects to this Request because it is overbroad and disproportionate to the issues in the case. It seeks DeLco's communications with "Former Farm Credit Customers," but Plaintiff has not alleged that any agent or subagent affiliated with DeLco, other than Loecke, has violated a non-solicitation provision, and fully responding to the request would require DeLco to

produce communications related to clients whose agent or subagent was not Loecke. Compliance with the request, as written, would subject DeLco to undue burden and expense by requiring it to gather, review, and produce information that is not relevant or within the scope of discovery. Finally, DeLco objects to the extent the request presumes that it sells crop insurance in Nebraska, which it does not do. DeLco is withholding documents on the basis of its objections.

Subject to and without waiving its objections, DeLco is willing to produce its communications with "Former Farm Credit Customers" in Iowa since January 5, 2026 (the date Loecke became a subagent of DeLco) pending a conferral with Plaintiff relating to the definition of "Former Farm Credit Customers."

**REQUEST NO. 4:** Communications with Former Farm Credit Customers in Iowa or Nebraska regarding any crop insurance-related topic that discuss, mention, or otherwise reference Loecke and/or the Loecke Agency.

**RESPONSE**: For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco also objects to this Request because it is overbroad and disproportionate to the issues in the case. It seeks DeLco's communications with "Former Farm Credit Customers," but Plaintiff has not alleged that any agent or subagent affiliated with DeLco, other than Loecke, has violated a non-solicitation provision, and fully responding to the request would require DeLco to produce communications related to clients whose agent or subagent was not Loecke. Compliance with the request, as written, would subject DeLco to undue burden and expense by requiring it to gather, review, and produce information that is not relevant or within the scope of discovery.

DeLco additionally objects to this Request as overbroad and disproportionate to the issues of the case because it is unlimited in time.

Subject to and without waiving its objections, DeLco is willing to produce its communications with "Former Farm Credit Customers" in Iowa that mention Loecke since January 5, 2026 pending a conferral with Plaintiff relating to the definition of "Former Farm Credit Customers."

**REQUEST NO. 5:** Documents evidencing actual or potential efforts to solicit crop insurance business from, or otherwise market crop insurance products or any other products or services to, Former Farm Credit Customers in Iowa or Nebraska, whether before or after January 3, 2026, including without limitation any such efforts made between October 1, 2025 and January 2, 2026 (i.e., prior to Loecke's departure from Farm Credit).

**RESPONSE**: For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco also objects to the extent the request presumes that it sells crop insurance in Nebraska, which it does not do. Further, DeLco objects to this Request because it is overbroad and unlimited in scope, in that it seeks communications for an indefinite period of time ("before or after January 2, 2026"). Loecke did not become a subagent of DeLco until January 5, 2026, rendering any communications prior to that date irrelevant to the claims and defenses of the parties and beyond the scope of discovery. Having to produce communications for an indefinite period of time, including before Loecke became a subagent, would result in substantial burden and expense on DeLco.

Finally, DeLco objects to the Request because it seeks documents and communications related to marketing products or services unrelated to crop insurance. Plaintiff has only alleged that Loecke violated his agreement with Plaintiff because he allegedly solicited Farm Credit customers related to crop insurance. Similarly, DeLco understands that the terms of the non-solicitation provision do not extend beyond the sale of crop insurance. As a result, this inclusion of marketing "other products or services" that are unrelated to crop insurance are not relevant to the claims and defenses in the case, and requiring a non-party to this action to produce such information is unduly burdensome and expensive. DeLco is withholding documents on the basis of its objections.

Subject to and without waiving its objections, DeLco states that it has not specifically targeted any of its marketing efforts at any former Farm Credit customer. DeLco will, however, produce any generalized, non-targeted, crop insurance marketing documents from January 5, 2026 to present.

**REQUEST NO. 6:** Documents reflecting any payments, compensation, commissions, fees, overrides, bonuses, or other remuneration paid by DeLco to Loecke and/or the Loecke Agency since January 3, 2026, including without limitation those that relate in any way to crop insurance for Former Farm Credit Customers.

**RESPONSE**: For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

Subject to and without waiving said objections, DeLco will produce its subagent agreement with Loecke and the monthly draw he has received through the date of this response. Monthly

draws are without regard to any particular customer and may include business that is unrelated to the sale of crop insurance.

**REQUEST NO. 7:** Documents reflecting a list of new crop insurance customers which Heather Goetz placed in 2025 or 2026 in the states of Iowa or Nebraska, identifying those that were crop insurance customers of Farm Credit and those that were not.

**RESPONSE:** DeLco objects to Request No. 7 because it is overbroad and disproportionate to the issues in the case. This request goes beyond the customers Loecke is alleged to have improperly solicited since becoming a DeLco subagent—the crux of Plaintiff's allegations in the Complaint. Instead, the request seeks information from an unrelated and misidentified DeLco agent, Heather "Goetz." DeLco believes Plaintiff meant to refer to Heather Golz, and will respond throughout in accordance with its understanding. DeLco does not believe that Ms. Golz has any contractual relationship with Plaintiff, nor has Plaintiff alleged that it and Ms. Golz have any contractual relationship, or that Ms. Golz has violated any contract between them. A list of new crop insurance customers that Ms. Golz placed in 2025 and 2026 is far outside the scope of allowable discovery under Rule 26. Compliance with the request, as written, would subject DeLco to undue burden and expense by requiring it to gather, review, and produce information that is not relevant or within the scope of discovery. This request is further overbroad and disproportionate to the issues of the case because it seeks Ms. Golz's new customer list for the year 2025. Loecke was not a DeLco subagent until January 5, 2026, rendering a list of Ms. Golz's customers prior to that date as irrelevant.

DeLco also objects to this Request to the extent it would require DeLco to identify whether any customers appearing in the requested lists are former customers of Farm Credit or not. DeLco does not specifically track whether its customers were previously Farm Credit customers (or

previously customers of another company), and any effort to identify such information—if possible at all—would require substantial time and expense and impose an undue burden and expense on DeLco. *See* Fed. R. Civ. P. 45(d)(1). Finally, DeLco objects to the extent the request presumes that it sells crop insurance in Nebraska, which it does not do. DeLco is withholding documents on the basis of its objections.

**REQUEST NO. 8:** Documents concerning the subagency relationship with Loecke or the Loecke Agency, including without limitation contracts, agreements, public filings, offer letters, indemnity agreements, and compensation agreements.

**RESPONSE**: DeLco objects to the language "concerning" and the unlimited limitation of "including without limitation" as this language is overbroad, vague and requires DeLco to speculate as to the entire breadth of documentation that could possibly "concern" the subagency relationship with Loecke. Without waiving and subject to these objections, DeLco will produce Loecke's subagent agreement.

**REQUEST NO. 9:** Documents concerning the possible, contemplated, or actual employment, subagency relationship, or any other affiliation of Loecke with DeLco, including without limitation emails, text messages, correspondence, offer letters, and contracts.

**RESPONSE**: DeLco incorporates its response to Request No. 8 as though fully stated herein. Additionally, DeLco will produce communications it had with Loecke related to the possible, contemplated, or actual subagency relationship with Loecke, if any.

**REQUEST NO. 10:** All files maintained by or on behalf of DeLco for or relating to the Loecke Agency or Loecke.

**RESPONSE**: DeLco will produce any non-privileged, responsive documents, it has in its possession, custody and control, if any.

**REQUEST NO. 11:** All marketing plans or documents announcing or promoting the relationship of DeLco with Loecke or the Loecke Agency, including without limitation advertising contracts, advertising copy, postings, social media posts (whether public or private), direct messages sent through any social media platform or personal communication account, press releases, and direct mail.

**RESPONSE**: DeLco objects to Request No. 11 to the extent it seeks documents that are not in the "possession, custody, or control" of DeLco, specifically concerning social media posts and messages from to or from accounts other than DeLco's account and personal communication accounts that do not belong to DeLco, including Loecke and the Loecke Agency. Fed. R. Civ. P. 45(a)(1)(A)(iii). DeLco does not have possession, custody, or control over any agent or subagents' personal communications, social media posts, or social media messages.

Subject to and without waiving its objection, DeLco will produce responsive documents in its possession, custody, or control, if any.

**REQUEST NO. 12:** Any documents that originated from Farm Credit, including without limitation those provided by Loecke or the Loecke Agency.

**RESPONSE**: DeLco objects to Request No. 12 as vague and ambiguous, including with respect to the phrase "originated from Farm Credit." The term "originated from" is susceptible to multiple reasonable interpretations and fails to provide a clear standard for determining the scope of responsive documents. For example, the phrase could be construed to include: (i) documents physically created by Farm Credit; (ii) documents authored by third parties but later transmitted to or by Farm Credit; (iii) documents merely referencing, summarizing, or derived from information associated with Farm Credit; or (iv) documents that passed through Farm Credit at any point in time, regardless of authorship or substantive connection. DeLco further objects that the Request

is ambiguous as to whether documents "provided by Loecke or the Loecke Agency" must themselves have been created by Farm Credit, merely transmitted through Farm Credit, or simply relate in some unspecified way to Farm Credit. This ambiguity renders the Request incapable of a consistent and reasonable interpretation and imposes an undue burden on DeLco to speculate as to its intended scope.

DeLco further objects to Request No. 12 because it is overbroad and disproportionate to the issues in the case. The only information Plaintiff alleges Loecke took in violation of the confidentiality provision was customer's tax identification numbers. *See* ECF 1, ¶ 20. But the Court determined that Plaintiff failed to present evidence showing that customer's tax identification numbers constitute "confidential" information belonging to Plaintiff rather than to the customers. ECF 19 at 7.

Subject to and without waiving its objections, DeLco states that, to the best of its knowledge, it has no documents responsive to this Request.

**REQUEST NO. 13:** All customer lists, marketing lists, mailing lists, prospect databases, and customer relationship management ("CRM") records — in whatever form maintained, including electronic and paper formats — that include or reference any Former Farm Credit Customer, for the years 2025 and 2026. This request encompasses all such records regardless of whether they are labeled as "marketing lists," "mailing lists," "prospect lists," "CRM entries," or otherwise.

**RESPONSE**: For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco further objects to the Request because it is overbroad and disproportionate to the issues of the case because it seeks requested information from 2025. Loecke was not a DeLco subagent until January 5, 2026, rendering the requested information for 2025 irrelevant and overbroad in scope, therefore subjecting DeLco to undue burden and expense. *See* Fed. R. Civ. P. 45(d)(1). DeLco is withholding documents on the basis of its objections. DeLco also objects to the Request as overbroad and disproportionate to the extent it seeks information beyond crop insurance. Finally, DeLco objects to the Request because it seeks documents and communications related to marketing products or services unrelated to crop insurance. Plaintiff has only alleged that Loecke violated his agreement with Plaintiff because he allegedly solicited Farm Credit customers related to crop insurance. Similarly, DeLco understands that the terms of the non-solicitation provision do not extend beyond the sale of crop insurance. As a result, any request for documents that are unrelated to crop insurance are not relevant to the claims and defenses in the case, and requiring a non-party to this action to produce such information is unduly burdensome and expensive.

Subject to and without waiving its objections, DeLco will produce responsive documents related to crop insurance that include "Former Farm Credit Customers" from January 5, 2026 to present, pending a conferral with Plaintiff relating to the definition of "Former Farm Credit Customers."

**REQUEST NO. 14:** Documents concerning marketing events put on by or on behalf of DeLco, including customer lists, follow-up communications to any producers that were Former Farm Credit Customers in 2025 or 2026, invitations, and all documents sent to any invitees.

**RESPONSE**: For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection

No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco further objects to the Request because it is overbroad and disproportionate to the issues of the case because it seeks DeLco's information from 2025. Loecke was not a DeLco subagent until January 5, 2026, rendering the requested information for 2025 irrelevant and overbroad in scope, therefore subjecting DeLco to undue burden and expense. *See* Fed. R. Civ. P. 45(d)(1). DeLco is withholding documents on the basis of its objections unless otherwise stated herein.

DeLco also objects to the Request to the extent it seeks documents related to marketing products or services unrelated to crop insurance. Plaintiff has only alleged that Loecke violated his agreement with Plaintiff because he allegedly solicited Farm Credit customers related to crop insurance. Similarly, DeLco understands that the terms of the non-solicitation provision do not extend beyond the sale of crop insurance. Documents unrelated to crop insurance are not relevant to the claims and defenses in the case, and requiring a non-party to this action to produce such information is unduly burdensome and expensive.

Subject to and without waiving its objections, DeLco states that it has not specifically targeted any of its marketing events at any former Farm Credit customer. DeLco will, however, produce any documents related to its crop insurance marketing events since January 5, 2026.

**REQUEST NO. 15:** Any documents advising Loecke, the Loecke Agency, or any other person or entity affiliated with or employed by DeLco concerning their obligations under any non-compete, non-solicitation, confidentiality, or other restrictive covenant agreement.

**RESPONSE**: DeLco will produce responsive, non-privileged documents, if any.

**REQUEST NO. 16:** All policies, procedures, handbooks, guidelines, or other internal

documents of DeLco concerning the hiring, onboarding, or engagement of agents, subagents, or independent contractors who are subject to non-compete, non-solicitation, confidentiality, or other restrictive covenant agreements.

**RESPONSE**: DeLco has no non-privileged documents responsive to this Request.

**REQUEST NO. 17:** All training materials, onboarding documents, presentations, guides, or instructions provided by DeLco to Loecke or the Loecke Agency regarding the solicitation of crop insurance business, identification of prospects or potential customers, marketing practices, or compliance with any legal obligations.

**RESPONSE**: DeLco will produce responsive, non-privileged training and onboarding documents.

**REQUEST NO. 18:** Documents concerning the compensation arrangement or agreement between DeLco and Loecke or the Loecke Agency, including without limitation the full text of any written agreement, any amendments or modifications thereto, any correspondence concerning the negotiation of such arrangement, and any records of actual payments made or received pursuant to such arrangement.

**RESPONSE**: DeLco objects to Request No. 18 as duplicative of Request Nos. 6 and 8-10. DeLco accordingly incorporates its prior responses and objections from Request Nos. 6 and 8-10. Without waiving and subject to said objections, DeLco believes any documents responsive to this Request would be produced in response to Request Nos. 6 and 8-10.

**REQUEST NO. 19:** All communications between Heather Goetz, Loecke, the Loecke Agency, and/or any DeLco employee, on the one hand, and any Former Farm Credit Customer, on the other hand, from January 1, 2025 to the present, concerning crop insurance, the transfer of any insurance policy, any farm operation, or any business relationship with DeLco or Farm Credit.

**<u>RESPONSE</u>**: For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco also objects to this Request because it is overbroad and disproportionate to the issues in the case. It seeks DeLco's communications with "Former Farm Credit Customers," including Heather Golz, but Plaintiff has not alleged that any agent or subagent affiliated with DeLco, other than Loecke, has violated a non-solicitation provision. DeLco does not believe that Ms. Golz, or any of its agents or subagents, have any contractual relationship with Plaintiff, nor has Plaintiff alleged that it and Ms. Golz or any other agent or subagent of DeLco have any contractual relationship, or that Ms. Golz or any other DeLco agent or subagent has violated any such agreement. Compliance with the request, as written, would subject DeLco to undue burden and expense by requiring it to gather, review, and produce information that is not relevant or within the scope of discovery.

DeLco further objects to the extent the Request is seeking communications beyond those related to crop insurance. Plaintiff has only alleged that Loecke violated his agreement with Plaintiff because he allegedly solicited Farm Credit customers related to crop insurance. Similarly, DeLco understands that the terms of the non-solicitation provision do not extend beyond the sale of crop insurance. As a result, this inclusion of marketing "any farm operation, or any business relationship with DeLco or Farm Credit" that are unrelated to crop insurance are not relevant to the claims and defenses in the case, and requiring a non-party to this action to produce such information is unduly burdensome and expensive. DeLco is withholding documents on the basis of its objections.

DeLco further objects to the Request because it is overbroad and disproportionate to the issues of the case because it seeks communications before January 5, 2026. Loecke was not a DeLco subagent until January 5, 2026, rendering all requested information for 2025 irrelevant and overbroad in scope, and therefore subjects DeLco to undue burden and expense. *See* Fed. R. Civ. P. 45(d)(1). Finally, DeLco objects to the Request because it seeks documents that are not within DeLco's possession, control, or custody. Fed. R. Civ. P. 45(a)(1)(A)(iii). DeLco does not have possession, custody, or control over the email account Loecke uses to conduct his business and therefore cannot produce any of his communications with "Former Farm Credit Customers." Further, DeLco does not have possession, control, or custody of any communication Ms. Golz may have sent via a personal email address. DeLco is withholding documents on the basis of its objections.

**REQUEST NO. 20:** All communications between DeLco, Loecke, the Loecke Agency, Heather Goetz, or any DeLco employee and any third party — including but not limited to lenders, farm management companies, seed dealers, financial advisors, or other insurance agents — regarding the introduction, referral, or solicitation of any Former Farm Credit Customer to DeLco or the Loecke Agency.

**RESPONSE**: DeLco incorporates its objections in response to Request No. 19 as though fully stated herein. DeLco also objects to this Request on the grounds that it is overbroad and unduly burdensome in that, as drafted, the Request seeks *all* communications between a wide array of individuals and entities and *any* third party, including an expansive and non-exhaustive list of categories, without any reasonable limitation as to time frame or proportionality. The Request would require DeLco to identify and review an indeterminate universe of communications with countless third parties, none of whom have any demonstrated connection to the claims or defenses

in this action.

The Request is further overbroad because it is not tailored to specific individuals, transactions, or alleged conduct at issue, but instead sweeps in any communication "regarding the introduction, referral, or solicitation" of "any Former Farm Credit Customer," a term that is itself vague and undefined. As a result, the Request effectively seeks wholesale discovery of business communications unrelated to the claims or defenses in this case. Additionally, by demanding communications with *any third party*, the Request encompasses categories of communications that are facially irrelevant or only tangentially related, significantly expanding the burden of collection and review beyond what is proportional to the needs of the case under the applicable rules of discovery, especially for a third-party responding to a subpoena. *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). DeLco is withholding documents on the basis of its objections.

**REQUEST NO. 21:** All prompts, inputs, queries, instructions, system prompts, user prompts, conversation histories, session logs, outputs, responses, completions, generations, summaries, analyses, drafts, classifications, or any other results created by, submitted to, or produced by any artificial intelligence system, large language model, generative AI tool, AI agent, or automated reasoning platform — including but not limited to any retrieval-augmented generation pipeline, multi-agent workflow, or AI assisted review process (collectively, "AI Searches") — that relate to any of the following topics: Former Farm Credit Customers; crop insurance policies placed in Iowa or Nebraska; the solicitation of crop insurance business from any producer previously insured through Farm Credit; communications with any producer previously insured through Farm Credit; or any other topic covered in these Requests. Such

documents include without limitation AI-generated drafts of customer communications, automated policy comparison analyses, AI-generated solicitation letters or marketing content, and AI-assisted identification of prospective customers.

**RESPONSE**: DeLco incorporates its objections to Request Nos. 1-21 as though fully stated herein. DeLco further objects to the Request as overbroad and disproportionate to the issues of the case to the extent it seeks the requested information for "any other topic included in these Requests." It is impossible for DeLco to determine the meaning of this phrase, including what topic is or is not covered by all 29 requests herein.

Subject to and without waiving its objections, DeLco states that it will produce responsive documents, if any.

**REQUEST NO. 22:** Documents sent to Former Farm Credit Customers marketing any product or service offered by DeLco, the Loecke Agency, or Loecke, other than or in addition to crop insurance, to the extent such product or service falls within the scope of any restrictive covenant to which Loecke is subject or is otherwise offered in competition with Farm Credit's business.

**RESPONSE**: For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco also objects to the Request because it is overbroad and disproportionate to the issues of the case because it seeks communications before January 5, 2026. Loecke was not a DeLco subagent until January 5, 2026, rendering all requested information for 2025 irrelevant and overbroad in scope, therefore subjecting DeLco to undue burden and expense. *See* Fed. R. Civ. P.

45(d)(1). DeLco further objects to the Request as overbroad and disproportionate to the issues of the case to the extent it seeks communications beyond those related to crop insurance. Plaintiff has only alleged that Loecke violated his agreement with Plaintiff because he allegedly solicited Farm Credit customers related to crop insurance. Similarly, DeLco understands that the terms of the non-solicitation provision do not extend beyond the sale of crop insurance. As a result, documents related to "any product or service offered by DeLco, the Loecke Agency, or Loecke, other than or in addition to crop insurance"—*specifically* unrelated to crop insurance—are not relevant to the claims and defenses in the case, and requiring a non-party to this action to produce such information is unduly burdensome and expensive. DeLco is withholding documents on the basis of its objections.

Subject to and without waiving its objections, DeLco states that it has not specifically targeted any of its crop insurance marketing efforts at any former Farm Credit customer. DeLco will, however, produce any marketing documents related to crop insurance it has used since January 5, 2026, as stated in response to Request Nos. 5 and 14.

**REQUEST NO. 23:** Documents concerning attempted or actual sales of any product or service by DeLco, the Loecke Agency, or Loecke to Former Farm Credit Customers, to the extent such product or service falls within the scope of any restrictive covenant to which Loecke is subject or is otherwise offered in competition with Farm Credit's business.

**RESPONSE:** For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco also objects to the Request because it is overbroad and disproportionate to the issues

of the case because it seeks communications before January 5, 2026. Loecke was not a DeLco subagent until January 5, 2026, rendering all requested information for 2025 irrelevant and overbroad in scope, therefore subjecting DeLco to undue burden and expense. *See* Fed. R. Civ. P. 45(d)(1). DeLco further objects to this Request as overbroad and disproportionate to the issues of the case to the extent it seeks documents that are entirely unrelated to crop insurance sales. Plaintiff has only alleged that Loecke violated his agreement with Plaintiff because he allegedly solicited Farm Credit customers related to crop insurance. Similarly, DeLco understands that Loecke's contract with Plaintiff does not impose obligations beyond the sale of crop insurance. The request for documents related to the sale of products or services other than crop insurance necessarily seeks information that is not relevant to the claims and defenses in the case.

Finally, DeLco objects to the Request to the extent it would require DeLco to violate any non-disclosure agreement it has with Approved Insurance Providers (AIPs) or any obligations imposed on DeLco by federal law.

Additionally, DeLco objects to this Request as unduly burdensome because it would require DeLco to disclose information in violation of federal law and non-disclosure agreements ("NDAs") with its approved insurance providers ("AIPs"). The Request seeks information that is considered Protected Information and Personally Identifiable Information under the NDAs, which DeLco may not disclose to any other party without having to notify each and every affected policyholder prior to any disclosure to allow them to seek a protective order, other remedy, and/or waive DeLco's compliance with the NDA. Such a process would be unduly burdensome and impose significant expenses on DeLco. DeLco is withholding documents on the basis of its objections.

**REQUEST NO. 24:** Agent-of-record change forms, broker-of-record letters, or any

documents submitted to or received from any crop insurance carrier (including but not limited to Rain and Hail, Crop Risk Services, RCIS, and ProAg) or the U.S. Department of Agriculture Risk Management Agency (USDA RMA) in connection with any crop insurance policy previously placed through Farm Credit and transferred to DeLco or the Loecke Agency since January 3, 2026.

**RESPONSE**: DeLco objects to the Request as overbroad and unduly burdensome because it does not specifically track whether customers were previously Farm Credit customers. To the extent possible at all, determining this information would impermissibly require significant time and expense on behalf of DeLco. *See* Fed. R. Civ. P. 45(d)(1).

Further objecting, the Request is overbroad and disproportionate to the needs of the case because it is not specifically limited to the customers with whom Loecke is alleged to have solicited in violation of the non-solicitation provision in the contract he had with Plaintiff. Additionally, DeLco objects to this Request as unduly burdensome because it would require DeLco to disclose information in violation of federal law and non-disclosure agreements ("NDAs") with its approved insurance providers ("AIPs"). The Request seeks information that is considered Protected Information and Personally Identifiable Information under the NDAs, which DeLco may not disclose to any other party without having to notify each and every affected policyholder prior to any disclosure to allow them to seek a protective order, other remedy, and/or waive DeLco's compliance with the NDA. Such a process would be unduly burdensome and impose significant expenses on DeLco. DeLco is withholding documents on the basis of its objections.

**REQUEST NO. 25:** Records reflecting premiums, commissions, fees, overrides, or incentive payments received by DeLco from any insurance carrier, reinsurer, or other source in connection with crop insurance policies placed for Former Farm Credit Customers since January 3, 2026, including any carrier-generated commission statements, bordereaux, or settlement reports

attributable to such policies.

**RESPONSE**: For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco further objects to this Request because it is overbroad and disproportionate to the needs of the case. Any premiums, commissions, fees, overrides, or incentive payments DeLco may have received has no bearing on whether Loecke violated the non-solicitation or confidentiality provision with Plaintiff, and such information is highly proprietary to DeLco. Requiring DeLco to produce this information would subject it not only to undue burden and expense, but would also require it to disclose critically proprietary information that has no relevance to the claims and defenses in this action.

Subject to and without waiving its objections, DeLco states that, at this time, it has no responsive documents in its possession, custody, or control.

**REQUEST NO. 26:** All direct messages, private messages, or other non-public communications sent through any social media platform or personal communication account — including but not limited to Facebook Messenger, LinkedIn, Instagram, WhatsApp, or any personal (non-DeLco) email address — by Loecke, the Loecke Agency, Heather Goetz, or any DeLco employee, to any Former Farm Credit Customer, from January 1, 2025 to the present.

**RESPONSE**: For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above. DeLco further objects to this Request because it is duplicative of Request No. 11.

DeLco incorporates its objections and response to Request No. 11 as though fully stated herein.

DeLco also objects to Request No. 26 because it does not have possession, custody, or control over any DeLco employee's personal email address or social media accounts and is therefore not obligated to produce such information. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). The Request is also overbroad and disproportionate to the issues of the case because it is not reasonably limited in time. Loecke did not become a subagent of DeLco until January 5, 2026, and therefore communications prior to that date are outside the scope of the issues in this action. Finally, DeLco further objects to this Request as overbroad and disproportionate to the issues of the case to the extent it seeks documents that are entirely unrelated to crop insurance sales. Plaintiff has only alleged that Loecke violated his agreement with Plaintiff because he allegedly solicited Farm Credit customers related to crop insurance. Similarly, DeLco understands that Loecke's contract with Plaintiff does not impose obligations beyond the sale of crop insurance. The request for documents related to the sale of products or services other than crop insurance necessarily seeks information that is not relevant to the claims and defenses in the case. DeLco is withholding documents on the basis of its objections.

Subject to and without waiving its objections, DeLco states that it will produce responsive documents within its possession, custody, or control related to crop insurance, pending a conferral related to the definition of "Former Farm Credit Customers."

**REQUEST NO. 27:** Any day planner, notebook — whether paper or electronic— or other document system used by Heather Goetz, Loecke, or the Loecke Agency containing information referring to or concerning any Former Farm Credit Customer.

**RESPONSE**: For the sake of brevity, DeLco states that it objects to the Request due to the provided definition of "Former Farm Credit Customer" and fully incorporates herein Objection

No. 1 to the definition of "Former Farm Credit Customer" listed under the "Specific Objections" section, above.

DeLco also objects to this Request because it seeks documents that are not in DeLco's possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). DeLco and its employees or agents do not have possession, custody, or control over Loecke or Loecke Agency's day planner, notebooks (paper or electronic) or similar document system he uses to conduct his business.

DeLco further objects to this Request to the extent it seeks such materials belonging to Heather Golz. The Request is overbroad and disproportionate to the needs of the case because it seeks this information from or about Ms. Golz. Ms. Golz does not have any contractual relationship with Plaintiff, nor has Plaintiff alleged that Ms. Golz has violated any contract between them. Ms. Golz's personal planning materials fall far outside the scope of allowable discovery under Rule 26. Sifting through Ms. Golz's personal planning materials, which are irrelevant, would create substantial burden and expense for DeLco and be highly disproportionate to the needs of the case. The Request is also overbroad and disproportionate to the issues of the case because it is not reasonably limited in time. Loecke did not become a subagent of DeLco until January 5, 2026, and therefore communications prior to that date are outside the scope of the issues in this action. DeLco is withholding documents based on its objections.

**REQUEST NO. 28:** Documents evidencing any solicitation, marketing, or outreach efforts by DeLco to customers or prospective customers located in Delaware County, Iowa, at any time prior to January 1, 2026, including but not limited to correspondence, marketing materials, call logs, proposals, bids, and internal records identifying targeted geographic areas.

**RESPONSE:** DeLco objects to this Request as overbroad and disproportionate to the issues of the case because it is unlimited in time. The subagency agreement between Loecke and

DeLco was not executed until January 5, 2026, rendering any of DeLco's marketing documents that were created prior to that date irrelevant to the claims and defenses in this action. The Request is also overbroad and disproportionate to the issues of the case because DeLco has no contractual agreement with Plaintiff and is not obligated to Plaintiff by any non-solicitation provision—nor has Plaintiff alleged that DeLco has violated any purported contract or other obligation. DeLco's marketing materials created prior to when Loecke's subagency began, fall far outside the scope of allowable discovery under Rule 26.

DeLco further objects to this Request as overbroad and disproportionate to the issues of the case to the extent it seeks documents that are entirely unrelated to crop insurance sales. Plaintiff has only alleged that Loecke violated his agreement with Plaintiff because he allegedly solicited Farm Credit customers related to crop insurance. Similarly, DeLco understands that Loecke's contract with Plaintiff does not impose obligations beyond the sale of crop insurance. The request for documents related to the sale of products or services other than crop insurance necessarily seeks information that is not relevant to the claims and defenses in the case.

DeLco is withholding documents on the basis of its objections.

**REQUEST NO. 29:** Documents evidencing Loecke's access to, credentials for, or ability to use DeLco's internal systems and/or AIP software, including but not limited to user accounts, login credentials, access permissions, audit logs, user activity logs, policies governing system access, and any communications concerning Loecke's access to such systems.

**RESPONSE**: DeLco objects to providing the login credentials that Loecke was provided upon becoming a subagent of DeLco for either DeLco and/or AIP software. Such request is overbroad, disproportionate to the issues of the case, and seeks, by its very nature, highly sensitive information. The request is further disproportionate in that it seeks communications concerning

Loecke's access to such systems. Further, the information is not relevant to the issues in the case because a complete responsive production would entail producing documents unrelated to any customer or policyholder whom Plaintiff believes Loecke improperly solicited, rendering it more burdensome for DeLco to produce.

Subject to and without waiving its objections, DeLco states that it does not have possession, control, or custody of activity logs for the AIP systems that Loecke uses. DeLco will produce the document that provided Loecke's login credentials in a redacted format. DeLco is withholding documents on the basis of its objections unless specifically stated otherwise.

DATED this 11th day of June 2026.

DELCO CROP INSURANCE, Non-Party,

*/s/ Ryann A. Glenn*

Ryann A. Glenn (NE 26160)
Alexa B. Barton (NE 27010)
Husch Blackwell LLP
14606 Branch St., Ste. 200
Omaha, NE 68154
Telephone: (402) 964-5000
Fax: (402) 964-5050
ryann.glenn@huschblackwell.com
allee.barton@huschblackwell.com
*Attorneys for DeLco Crop Insurance*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 11th day of June 2026, the foregoing document was served via electronic mail, to the following parties:

Christopher R. Hedican
Baird Holm LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
chedican@bairdholm.com

/s/ *Ryann A. Glenn*